Michele RUSSELL, William S. Thornton, Billy M. Payne, John Webb Lawrence, Ann Lawrence and William T. Dorman, Appellants,

v.

CITY OF BRYAN and North Central Oil Corporation, Appellees.

No. C14-89-01071-CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 5, 1990.

Rehearing Denied Oct. 4, 1990.

Bill Payne, Bryan, for appellants.

Edward Conley, Houston, Ernest V. Bruchez, Patricia E. Meronoff, John E. Hawtrey, Bryan, W.T. Dorman, Houston, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This appeal arises from the grant of a summary judgment in favor of the City of Bryan and North Central Oil Corporation in a suit for declaratory judgment to determine the parties' interests in a tract of land located within the City. Because there is a factual issue as to whether the grantor intended his dedication by deed to convey a fee simple, or some lesser estate, summary judgment was improperly granted. The judgment of the trial court is reversed and remanded.

In 1925, Tyler Haswell dedicated some ten acres of land to the City of Bryan to be maintained as the Sue Haswell Memorial Park in honor of his mother. The deed by which he dedicated the land reads, in pertinent part, as follows:

> That I, Tyler Haswell, of Brazos County, Texas, for and in considerations hereinafter expressed, and subject to the conditions hereinafter set out, do hereby Dedicate, and by these presents have Dedicated unto the City of Bryan, a Municipal Corporation, of the State of Texas, the following described tract or parcel of land, to-wit:

> All that certain tract or parcel of land lying and being situated in the City of Bryan ... the tract herein conveyed being 10–45/100 acres out of said 19½ acre tract and described as follows, to wit:

> Beginning at a point near....

> The purposes and conditions of Dedication are as follows:

> 1. That said tract of land is to be used for a park and play-ground for the people of the City of Bryan, under such rules and regulations as may be prescribed from time to time by the Governing body [sic] of said City, and said Gov-

erning Body is authorized to limit the use of said park to such classes and races as it may see fit.

2. That since I am making this dedication to memorial [sic] to my mother, Mrs. Sue Haswell deceased, the name of this park shall be'Sue [sic] Haswell Memorial Park', and same is to be so shown on the official maps of the City and on a tablet at some appropriate entrance to said park.

3. That the Governing Body of the City of Bryan, and their successors, with the means at their command, and in keeping with good business policy, develop said park and improve same to that it may be used as a park, and playground for the people of the City; provide roadways therein, and light same, and do everything that is necessary to make it a park and maintain it as such, and it is understood that the Governing Body of said City may delegate its authority to some Board for this purpose.

In the event the City of Bryan fails and neglects to make said tract of land a park and play-ground, and equip it as such as hereinbefore set out, and this failure continues for a period of five years, or if it fails to keep the name as herein provided, or fails or refuses to maintain said park, and after notice of such refusal; such notice to be given by me during my life time, and after my death by my executor, or htirs [sic], and a period of year is here given the City after such notice to comply with the requirements, herein set out; then if said City fails and refuses or has failed and refused to comply with the conditions of this dedication as herein set out, then the aforesaid described tract of land shall revert to me if living, and if deceased to my legal representatives, or my heirs in the event I have no legal representative.

TO HAVE AND TO HOLD the aforesaid described tract of land together with the rights and appurtenances thereto in anywise belonging unto THE CITY OF BRYAN, subject to the purposes and conditions hereinbefore set out.

And I hereby warrant the title to said tract of land unto the City of Bryan.

Witness my hand at Bryan, Texas, this 12th day of June, A.D.1925.

Appellees contend Haswell conveyed a fee simple estate with the right of re-entry and reversion for failure of the specified conditions. Appellants, Haswell's great-granddaughter and various intervenors who claim some interest through the great-granddaughter, assert that Haswell conveyed only an easement for surface use.

■ The summary judgment before this court is not entitled to the same deference given to a judgment following a trial on the merits. Unlike an appeal following a trial on the merits, when reviewing the grant of a summary judgment, an appellate court does not view the evidence in the light most favorable to the judgment of the trial court. Instead, this court must view the evidence in favor of the nonmovant, resolving all doubts and indulging all reasonable inferences in favor of reversal of the summary judgment. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex. 1985); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952).

■ At either the trial or appellate level, the question is not simply whether the non-movant raised an issue of material fact to defeat the motion. Rather, unless the movant proved beyond question it was entitled to judgment as a matter of law, this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–829 (Tex.1970). The standards that must be applied when reviewing a summary judgment have been clearly set forth by the Texas Supreme Court as follows: 1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; 2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; 3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management* 690 S.W.2d at 548–549; *Montgomery v. Kennedy*, 669 S.W.2d

309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–93 (Tex.1975). Further, this court must not consider evidence that favors the movant unless it is uncontroverted. *Great American Reserve Co. v. San Antonio Plumbing Supply*, 391 S.W.2d 41, 47 (Tex.1965).

Appellees concede that the extent of the estate conveyed in a dedication by deed is determined by the intent of the grantor. Sometimes the deed itself may be determinative of that intent. Where the deed is ambiguous, examination may be made of the circumstances surrounding the execution of the deed and other actions from which the grantor's intent may be implied. *Green v. Kunkel*, 183 S.W.2d 585, 586 (Tex.Civ.App.—Fort Worth 1944, no writ); *see also Viscardi v. Pajestka*, 576 S.W.2d 16, 19 (Tex.1978). The grantor's intent is a question of fact. *Viscardi*, 576 S.W.2d at 19.

Appellees argue, as they did in the motion for summary judgment, that the deed clearly conveys a fee simple. They assert that the granting clause contains no language limiting the estate conveyed. Appellees cite a number cases for the proposition that subsequent limiting language cannot change the character of the estate conveyed when the granting clause conveys a fee simple. However, those cases are inappropriate here. Unlike the cases cited by appellees, the granting clause in Haswell's deed does not use words such as "grant", "convey" or "sell". Rather, Haswell specifically and consistently used the term "dedicate". The granting clause states that Haswell chose to "Dedicate, and by these presents h[ad] Dedicated to the City" the land for the park subject to conditions. Dedicate is not simply another synonym for grant, or sell, or convey. It is a term that has the specific legal meaning of "to appropriate and set apart one's private property to some public use". *Viscardi*, 576 S.W.2d at 18. Haswell may have intended, by his choice of words, to limit the estate conveyed. Whether Haswell intended to convey a fee simple determinable or some lesser estate is not expressly stated

by language of the deed itself. Since this case is before this court as a summary judgment, all inferences and presumptions must be indulged in favor of appellants and against appellees as the movants. Accordingly, we must presume that, by electing to use language of dedication, Haswell may have intended to convey something less than fee simple. That ambiguity necessitates a determination of his intent, which is a question of material fact.

Appellees, both in their motions for summary judgment and before this court, have themselves felt compelled to resort to extrinsic evidence to establish Haswell's intent clearly. Consideration of this type of evidence for a factual determination of Haswell's intent is improper when reviewing a summary judgment. Contrary to appellees' assertions, appellants did challenge the use of the extrinsic evidence and raised the necessity of a factual determination of Haswell's intent in their opposition to the motions for summary judgment.

The extent of the estate conveyed in a dedication by deed is determined by the grantor's intent. This is a question of fact. Accordingly, the trial court properly denied appellants' motions for partial summary judgment, and appellants' second point of error is overruled. However, the trial court erred in granting appellees' motions for summary judgment, because a factual determination is necessary to establish whether Haswell intended to convey a fee simple estate or merely the use of the surface. Point of error number one is sustained.

Appellant Russell's third point of error contends the trial court abused its discretion by allowing W.T. Dorman to intervene. Although Russell filed a motion in opposition to his petition in intervention, she failed to obtain a ruling on the motion. Having failed to pursue the issue in the trial court, she has preserved nothing for appellate review. TEX.R.APP.P. 52; *Jones v. Springs Ranch Company*, 642 S.W.2d 551, 554 (Tex.App.—Amarillo 1982, no writ). Point of error number three is overruled.

The judgment of the trial court is reversed and remanded for a trial on the merits.

ELLIS, J., notes his dissent.