Michele **RUSSELL**, Appellant,

and

William S. **Thornton**, Billy M. **Payne**, John Webb **Lawrence** and Ann **Lawrence**, and W.T. **Dorman**, Intervenors–Appellants,

v.

The **CITY OF BRYAN** and North Central Oil Corporation, Appellees.

No. A14–92–00259–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1992.

Rehearing Denied Feb. 4, 1993.

John Hawtrey, Bill Payne, Bryan, for appellant.

Edward Conley, Barbara E. Pusch, Houston, Patricia E. Meronoff, Bryan, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

This is the second time our Court has considered the granting of summary judgments in favor of the City of Bryan and North Central Oil Corporation in this suit to determine the parties' interests in a mineral estate. In the first appeal, we reversed the trial court's summary judgment which held that appellants retained no interest in the mineral estate underlying land deeded to the City. Because the grantor may have intended to limit the estate he conveyed, we remanded the cause to the trial court for a determination of the *grantor's intent. Russell v. City of Bryan,* 797 S.W.2d 112 (Tex.App.–Houston [14th Dist.] 1990, writ denied). However, on remand, appellees pled two affirmative defenses: (1) that appellants' claims are barred by limitations, and (2) that ownership of the mineral estate is irrelevant because any oil and gas recovered by appellees was drained by a well not located on the disputed park site. According to appellees, the Rule of Capture provides an absolute defense to liability. We reverse and remand a second time.

In 1925, Tyler Haswell dedicated approximately ten acres of land to the City of Bryan to be maintained as Sue Haswell Memorial Park in honor of his mother. In the granting clause, Haswell specifically and consistently used the term "dedicate," but the deed does not expressly state whether Haswell intended to convey a fee simple or merely surface rights. Haswell's great-granddaughter, Michele Russell, and various intervenors who claim some interest through Russell, contend that Haswell conveyed an easement for surface use only. In 1981, the City leased the mineral rights to North Central, which pooled the tract with other acreage and produced oil and gas from a well located on other land in the pool. In 1988, Russell sued, claiming that she was entitled to the oil and gas attributable to the 10–acre tract. The trial court granted appellees' first motions for summary judgment. We held there were questions of material fact regarding Haswell's

intent and the extent of his conveyance, and we reversed. *Id.*

On remand, appellees contended that even if Haswell intended to convey only an easement for surface use, appellants cannot claim conversion of oil and gas that North Central produced from wells located on other acreage. Appellees contend the property rights alleged by Russell would have terminated, under the Rule of Capture, when the oil and gas migrated from the deeded tract to the land where North Central drilled its well. Due to the "fugitive" nature of hydrocarbons, when captured, they "belong to the owner of the well to which they flowed, irrespective of where they may have been in place originally, without liability to his neighbor for damage." *Halbouty v. R.R. Comm'n,* 163 Tex. 417, 357 S.W.2d 364, 375, *cert. denied,* 371 U.S. 888, 83 S.Ct. 185, 9 L.Ed.2d 122 (1962). The non-liability is based on the theory that after drainage, the former owner's title or property interest is gone. *Elliff v. Texon Drilling Co.,* 146 Tex. 575, 210 S.W.2d 558, 561–62 (1948). Appellees contend that appellants are seeking more rights than they would have if ownership of the mineral estate was not in doubt.

■ In the intervenors' first point of error and Russell's points of error two, three, four, five and seven, appellants contend that appellees' statutes of limitations claims could not have supported the summary judgments. First, Russell alleges that appellees' summary judgment motions claiming limitations are not specific. *See* TEX.R.CIV.P. 166a(c). North Central merely contended that appellants' claims are barred "by the applicable statute of limitations," and the City argued that "applicable statutes of limitations" were not tolled. Of course, which statutes of limitations apply depend upon the set of facts to be determined at trial. For example, appellants claim that by 1981 Russell had "constructive notice" the City intended to lease mineral rights to the park property by virtue of legal notices published in the local newspaper. However, as discussed in Russell's third point of error, the recording statute in effect when the oil and gas lease was executed in 1981 affords constructive notice only to *subsequent* purchasers. TEX. REV.CIV.STAT. art. 6631 (Vernon 1969). Consequently, if it is found that Russell holds title through Haswell, she was entitled to *actual* notice, and constructive notice of appellees' adverse possession was insufficient. *See Andretta v. West,* 415 S.W.2d 638, 642 (Tex.1967). Moreover, as stated in Russell's fourth point of error, her affidavit in opposition to appellees' summary judgment motions raised the "rule of discovery" as applied to tolling limitations. Because appellees' claims of limitations cannot support the summary judgments, we turn our analysis to whether the Rule of Capture provides an absolute bar to appellants' claims.

In Russell's sixth point of error and the intervenors' second point of error, appellants contend the Rule of Capture does not apply in this situation because the tract was pooled. Indeed, none of the cases cited by appellees involve a situation in which a court has applied the Rule of Capture to property in a pooled unit.

■ Appellees agreed to pool the disputed tract with other land; accordingly, they received the disputed tract's share of distributions from the pool's production, and no hydrocarbons were "captured." The Rule of Capture simply does not apply to production from land within the pool. Appellants claim they were never given an opportunity to approve the unitization, and were denied both (1) the "correlative right" of drilling their own well under the Rule of Capture, and (2) the remedies of forced pooling under the Mineral Interest Pooling Act ("the Pooling Act"). TEX.NAT.RES.CODE § 102.011 *et seq.* (Vernon 1978 & Supp. 1992). While we agree the Pooling Act did not extinguish the longstanding Rule of Capture regarding land that has not been pooled, we disagree that the Rule of Capture applies to this case. If it is determined at trial that the grantor "dedicated" surface rights only to the City, appellants have been prevented from exercising their rights as owners of the mineral estate, and appellees have wrongfully received the proceeds of appellants' share of production

income under the pooling agreement. The Pooling Act clearly allocates production shares to "persons owning interests in the pooled unit," not to parties claiming under the Rule of Capture. TEX.NAT.RES.CODE ANN. § 102.051 (Vernon 1978). We sustain appellants' points of error that summary judgment was not proper on either of appellees' affirmative defenses.

█ In conclusion, fact issues remain regarding whether appellants own the mineral estate in question, and it cannot be determined who is entitled to production from the tract until ownership of the mineral estate is settled. Therefore, we reverse the summary judgments and remand the cause for trial.