**Michele RUSSELL, William Thornton, Billy Payne, Jay Don Watson, John Webb Lawrence, Ann Lawrence, Thomas E. Dorman, Executor of the Estate of William T. Dorman, Deceased, and Adrian Burke, Appellants,**

v.

**The CITY OF BRYAN and North Central Oil Corporation, Appellees.**

No. 14–95–00289–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 1, 1996.

Rehearing Overruled April 25, 1996.

M. Charles Gandy, College Station, E.W. Newman, Houston, John E. Hawtrey, Bryan, Bill Payne, Bryan, for appellants.

Edward Conley, Houston, C. Charles Dippel, Houston, James P. Barnett, Houston, James W. Paulsen, Houston, for appellees.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

MURPHY, Chief Justice.

This appeal arises from a suit for declaratory judgment and conversion, seeking to clear the title to 10.45 acres dedicated to the City of Bryan ("the City") for use as a park and to recover the proceeds from production of oil and gas underlying the land. In a jury trial, the court submitted the question of whether Tyler Haswell ("Haswell") intended to convey to the City only the right to use the surface of the subject tract. The jury found that he did not, and we affirm the trial court's judgment on the verdict.

Appellants, Michele Russell ("Russell") and William Thornton, Billy M. Payne, Jay Don Watson, John Webb Lawrence, Ann Lawrence, Thomas E. Dorman, Executor of the Estate of W.T. Dorman, Deceased, and Adrian Burke (collectively "Intervenors"), brought suit claiming ownership of the minerals under the subject tract through Haswell.[1] In 1925, while the mayor of Bryan, Haswell dedicated the land to the City for use as a park to be established as a memorial to his mother. Since 1981, the City has leased the mineral rights to North Central

---

1. Russell is Haswell's great-granddaughter. In 1978, Russell's grandmother conveyed all of the right, title and interest in and to any mineral or royalty interests she owned in Brazos County to John M. Lawrence, III. Lawrence then conveyed fractional shares of these interests to Russell and the Intervenors, who are now aligned and referred to jointly as appellants.

Oil Company ("NCOC"), who was also a defendant in the suit. Russell and the Intervenors appeal from the take nothing judgment entered by the trial court. Russell raises twelve points of error, and the Intervenors bring ten points. NCOC also asserts a cross-point complaining of the trial court's refusal to award it attorney's fees.

This case has been before our court on two prior occasions, both of which resulted in reversals of summary judgments that had been granted in favor of the City and NCOC. In the first appeal, we found that "there is a factual issue as to whether [Haswell] intended his dedication by deed to convey a fee simple, or some lesser estate." *Russell v. City of Bryan*, 797 S.W.2d 112, 113 (Tex. App.—Houston [14th Dist.] 1990, writ denied). For that reason, we also found that the trial court properly denied the cross-motions for partial summary judgment filed by appellants. *Id.* at 115. We remanded for a factual determination of whether Haswell intended to convey a fee simple estate or merely the use of the surface. *Id.*

The second appeal is not relevant to the issues presented in this appeal because summary judgment had been predicated on limitations and the "rule of capture." *Russell v. City of Bryan*, 846 S.W.2d 389 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Neither of those issues are presented here.

■ In this case, we are concerned with Haswell's intent in executing the dedication instrument.[2] Because of its use of the terms "dedicate" and "dedication" rather than "grant" or "convey," appellants contend that the City received only an easement permitting use of the land as a park, and consequently, the City does not own the fee simple. They argue that Haswell retained ownership of the fee, including the minerals, and that they, as successors to Haswell's interest in the mineral estate, now own the minerals. Appellants contend the term "dedication" is synonymous with "easement." We disagree with these contentions.

Instead, words of dedication can convey different interests. According to the General Land Office, for purposes of administering the state's beaches, a dedication "[i]ncludes, but is not limited to, a restrictive covenant, permanent easement, and fee simple donation." 31 TEX.ADMIN.CODE § 15.2 (1995). "Dedication" is defined as *"[t]he appropriation of land, or an easement therein,* by the owner, for the use of the public, and accepted for such use by or on behalf of the public." BLACK'S LAW DICTIONARY 412 (6th ed. 1990) (emphasis added). Thus, the key is public use, and a fee simple estate, or a lesser estate such as an easement, can be conveyed. As aptly stated by the City's counsel at oral argument, the use of the term "dedication" by Haswell only indicates "why" the property is conveyed, not "what" is conveyed.

For their authority that a dedication conveys only an easement, appellants rely on *Humble Oil & Refining Co. v. Blankenburg,* 149 Tex. 498, 235 S.W.2d 891, 893 (1951). In *Humble Oil,* a dedication of the plazas, parks, streets, and alleys shown on the plat of the town for the use and benefit of the public did not convey title but only created an easement. *Id. Humble Oil* is not controlling because it concerned a dedication made on a plat, rather than by deed as in this case. The other decisions appellants rely upon also concern the construction of dedications by plat. *See City of Richland Hills v. Bertelsen,* 724 S.W.2d 428 (Tex. App.—Fort Worth 1987, no writ) (unrecorded plat); *Riley v. Davidson,* 196 S.W.2d 557 (Tex.Civ.App.—Galveston 1946, writ ref'd n.r.e.) (recorded plat).

Appellants also gain no support for their position by their citation to *Viscardi v. Pajestka,* 576 S.W.2d 16 (Tex.1978). In *Viscardi,* the court held that the existence of a public dedication is a question of fact. *Id.* at 17. The court recognized that the use of the term "dedicate" indicated the grantor's intent to make a public dedication. *Id.* at 17–18. The conveying document also indicated that the grantor was aware of the difference between an easement and a dedication, and

---

**2.** The pertinent parts of the deed of dedication are recited in our first opinion in this case.

*Russell,* 797 S.W.2d at 113–114.

the grantor had not used the term "easement" as it had in the past. *Id.* at 18–19. Finding that extrinsic evidence also supported the conclusion that the grantor intended a dedication, the court reversed the lower court's holding that the instrument created an easement. *Id.* at 17. Thus, the *Viscardi* court expressly recognized that "dedication" is not synonymous with "easement."

In contrast, we find several instances where a "dedication" conveyed fee simple. The Texas Supreme Court considered a dedication of land for use as a public park in *Zachry v. San Antonio,* 157 Tex. 551, 305 S.W.2d 558 (1957). There, the City owned the land in fee simple, yet it was prohibited from using the park land for an underground parking garage, a purpose inconsistent with the public use for which it was dedicated. *Id.,* 305 S.W.2d at 559–61. In *Lawyers Trust Co. v. City of Houston,* 359 S.W.2d 887, 890 (Tex.1962), the court held that a dedication by deed of land for park purposes conveyed a fee simple estate with a condition subsequent rather than a conditional limitation. More recently, the Texas Supreme Court acknowledged the concept of a "fee simple dedication" in *City of College Station v. Turtle Rock Corp.,* 680 S.W.2d 802, 804 (Tex.1984). The City of College Station required fee simple dedication of land for park purposes, or money in lieu thereof, as a condition to subdivision plat approval. *Id.* In another example, the San Antonio Court of Appeals acknowledged that "[a] dedication could carry with it the fee simple title, or it might provide for a reversionary clause in the event the property was ever used for any other purpose." *Green v. City of San Antonio,* 282 S.W.2d 769, 776 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.).

■ Therefore, we conclude that use of the term "dedication" alone fails to establish, as a matter of law, Haswell's intent to grant only an easement. The extent of the estate conveyed in a dedication by deed is determined by the grantor's intent. *Russell,* 797

S.W.2d at 115. As we recognized in our first opinion in this case, the language of the deed of dedication is ambiguous. Where the deed is ambiguous, examination may be made of the circumstances surrounding the execution of the deed, as well as other actions from which the grantor's intent may be implied. *Id.* Had the instrument been unambiguous, its interpretation would have been a question of law for the court. *See Westwind Exploration, Inc. v. Homestate Sav. Ass'n,* 696 S.W.2d 378, 382 (Tex.1985).

■ The parties are bound by both our previous determination of ambiguity as well as their own acquiescence in submitting extraneous evidence to prove Haswell's intent. First, the parties entered into a Rule 11 agreement prior to the commencement of jury selection that the issue of Haswell's intent would be submitted to the jury, and then depending on its answer, other evidence and issues on damages and attorney's fees would be submitted. *See* TEX.R.CIV.P. 11 (providing for enforcement of agreements made on the record in open court, or made in writing, signed and filed with the trial court). After submitting extraneous evidence as to Haswell's intent for evaluation by the jury, appellants may not complain that the trial court erroneously found the instrument ambiguous. By agreeing to submit intent to the jury, appellants have waived any complaint as to lack of a pleading or trial court finding of ambiguity. *See Bonner v. United Servs. Auto. Ass'n,* 841 S.W.2d 504, 508 (Tex.App.— Houston [14th Dist.] 1992, writ denied) (stipulation as to the burden of proof of the meaning of insurance policy exclusions waived complaint of no pleading of ambiguity).[3]

■ In addition, because this court found the instrument ambiguous and remanded to the trial court for a finding of Haswell's intent, that court was bound by the law of the case to submit a question on intent and to permit the introduction of extraneous evidence to illuminate that intent. The "law of the case" doctrine is a principle under

---

3. Appellants contend they specifically reserved objection to any finding of ambiguity. They fail to identify where this objection may be found in the record, and no objection was reserved as part of the Rule 11 agreement cited by NCOC. We conclude that appellants have waived any such claim.

which questions of law decided on appeal will govern the case throughout its subsequent stages. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986). We recognize that there are distinctions between a summary judgment and a trial on the merits that can cause the law of the case doctrine to be inapplicable. *See id.* at 631. The doctrine does not necessarily apply if either the issues or the facts presented are not substantially the same as those involved originally. *Id.* at 630. Because the determination of ambiguity is central to the interpretation of the instrument in this case, however, our finding of ambiguity must be followed in subsequent proceedings in the case. By holding that the trial court properly denied appellants' motion for summary judgment contending that the dedication was an easement as a matter of law, we specifically rejected appellants' position that the dedication unambiguously conveyed only an easement.

Appellants again urge in this appeal the same argument that the dedication unambiguously conveyed only an easement. Russell's points of error one and two and Intervenors' points of error one, two and four all challenge the trial court's implied finding that the document was ambiguous by permitting proof of Haswell's intent through extraneous evidence. As the issue of the ambiguity of the instrument is controlled both by the law of the case and the parties' Rule 11 agreement, these complaints are waived. Therefore, we overrule Russell's points of error one and two and the Intervenors' points one, two and four.

■ In Russell's third point of error, she argues that the burden of proof should have been on appellees.[4] Russell incorrectly contends that our first opinion in this case required the burden to shift to appellees. We merely stated that because of the ambiguity in the language in the dedication deed, a material fact question existed which "necessitates a determination of [Haswell's] intent." *Russell*, 797 S.W.2d at 115.

■ Russell also argues that the City's claim that it owns the fee simple to the land in question is an affirmative defense. We disagree. An affirmative defense permits a party to introduce evidence to establish an independent reason why its opponent should not prevail, not to rebut the factual proposition of its opponent's pleadings. *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 546 (Tex.), *cert. denied*, 502 U.S. 824, 112 S.Ct. 88, 116 L.Ed.2d 60 (1991). An affirmative defense is one of avoidance, rather than a defense in denial. *Id.* Appellees have not sought to establish an independent reason why appellants cannot prevail. Instead, they have denied appellants' claim that Haswell's conveyance was intended to be limited to a right to use the surface.

■ We recognize that in a declaratory judgment action, the party denominated as plaintiff may not have the burden of proof. *See, e.g., McCart v. Cain*, 416 S.W.2d 463, 465–66 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n.r.e.) (owner bringing declaratory judgment action does not have burden to prove that land is not subject to restrictions). In this case, however, appellants were properly required to prove their allegations. First, appellants claimed affirmative relief. It is well accepted that the burden of proof is on the party claiming affirmative relief. *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 482 (Tex. 1984). Both defendants treated the dedication as a conveyance of fee simple, as evidenced by their entering into a lease of the mineral estate. Appellants sought a declaration that an estate less than fee simple was conveyed to establish their claim for title to the minerals and entitle them to recover for conversion of those minerals and the royalties therefrom. To recover on a claim of conversion of property, plaintiffs have the burden to prove that they are the owners of the property alleged to have been converted. *Branham v. Prewitt*, 636 S.W.2d 507, 512 (Tex.App.—San Antonio), *writ ref'd n.r.e. per curiam*, 643 S.W.2d 122 (Tex.1982).

4. The trial court submitted the following question to the jury: "Did Tyler Haswell intend to convey only the right to use the surface of the 10.45 acre tract of land in question? Answer: No."

Secondly, the law presumes a fee simple is devised unless expressly limited. TEX.PROP.CODE ANN. § 5.001(a) (Vernon 1984). Deeds are construed to confer upon the grantee the greatest estate that the terms of the instrument will permit. *Lott v. Lott,* 370 S.W.2d 463, 465 (Tex.1963).

In addition, precedent exists for requiring appellants to bear the burden of proof under similar facts. In a declaratory judgment action, the San Antonio Court of Appeals determined that the burden was on the descendants of the landowner to prove that a dedication conveyed nothing more than an easement to the City for park purposes only. *Green,* 282 S.W.2d at 776. The only authority Russell cites is an opinion from the Texarkana court which was subsequently withdrawn. For these reasons, we hold that the trial court did not err in imposing the burden of proof upon appellants. We overrule Russell's third point of error.

In Russell's points four and five, she challenges the trial court's denial of her motion for directed verdict. We review the denial of a directed verdict by considering all the evidence in the light most favorable to the nonmovants, disregarding all evidence to the contrary, and resolving all reasonable inferences in favor of the nonmovants. *Harris County v. Demny,* 886 S.W.2d 330, 333 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

In their point of error eight, the Intervenors challenge the factual sufficiency of the evidence in the record to support the jury's finding that Haswell did not intend to limit the estate conveyed to the use of the surface only. When reviewing a challenge to the factual sufficiency of the evidence, we must examine all of the evidence in the record, both supporting and contrary to the judgment. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989). After considering and weighing all the evidence, we will sustain the challenge only if the finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

Some evidence of intent is shown in the instrument itself. First, the deed contains an habendum clause and a warranty of title, indicating fee simple was intended. *See Harris v. Strawbridge,* 330 S.W.2d 911, 915 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.) (habendum clause shows intent to convey fee simple); *Benge v. Scharbauer,* 152 Tex. 447, 259 S.W.2d 166, 168 (1953) (covenant of general warranty estops grantor from claiming that less than the full amount owned was conveyed). The dedication instrument never uses the term "easement." In addition, it describes the property as "*all* that certain tract...." (emphasis added). The instrument also contains a reversionary clause in the event the park is not maintained, stating "the aforesaid described tract of land shall revert," rather than merely terminating an easement or stating that the "use" of the land shall cease.

Appellants also introduced into evidence the City's resolution accepting the dedication of the park land. The City referred to the instrument as a "deed," and profusely thanked Mayor Haswell for the "gift" of the park land. It referred to the park gift as a "plot of land," not an easement. The evidence showed that a copy of this resolution was presented to Mayor Haswell, whose family passed it down through the generations, with his great-granddaughter, Russell, having possession of it at time of trial.

In addition, the City provided evidence of the circumstances surrounding Haswell's acquisition of the land. At the City Commission meeting on April 25, 1925, the City considered purchase of a five-acre tract for a school site. It was noted that there was an adjoining ten-acre tract owned by the same person "which Mr. Tyler Haswell [then mayor of Bryan] agrees to buy and give to City for park purposes in memory of his mother." These minutes were signed by Haswell. The City Commission minutes also show that as of September 11, 1925, the City acknowledged, with Mayor Haswell present, that it valued the park land at $5,000. Haswell had purchased the land two months earlier for $2,000, which permitted the jury to infer that Haswell recognized he donated all that he owned to the City. We conclude that this

evidence is sufficient to defeat Russell's motion for directed verdict. We overrule Russell's points of error four and five.

To evaluate the Intervenors' factual sufficiency challenge, we must also review the evidence that is contrary to the judgment. The face of the instrument does not reflect that it is a "deed," and it does not use the terms "grant" or "convey." No technical words of grant are required, however. TEX. PROP.CODE ANN. § 5.001(a) (Vernon 1984). The dedication lists purposes and conditions that the land be used for a park named in honor of Haswell's mother, Sue Haswell, which tends to support appellants' position that Haswell intended to convey only the right to use the land. Appellants furnished evidence indicating that there was a question about the size of the tract that the City valued at $5,000. Appellants presented conflicting documents showing other tracts of land were included in the property known as "Sue Haswell Park." They asserted that this evidence supported a value of only $500 for the tract dedicated by Haswell, indicating less than all that Haswell owned was conveyed to the City. This evidence was disputed by appellees, however, who provided evidence supporting an implication that the park contained only 10.45 acres at the time the City valued it at $5,000.

The only other contrary evidence we find in the record consists of other deeds executed by Haswell. These deeds are on printed forms for general warranty deeds using the typical "grant, sell, and convey" language. They were presumably offered to show that Haswell must have intended to limit the conveyance to the City because he did not use the form of deed he generally had in other instances. None of these other conveyances were donations of land for public use, however.

After reviewing all the evidence, we find that the evidence is factually sufficient to support the jury's finding that Haswell did not intend to limit his conveyance to the City.

We overrule the Intervenors' point of error eight.

Both Russell and the Intervenors have inadequately briefed their remaining points of error on appeal. They have failed to follow the briefing rules and properly demonstrate to this court where their claimed error may be found in the record. *See* TEX.R.APP.P. 74(d), (f). In addition they fail to show that error was preserved by proper objection and a ruling by the trial court. TEX.R.APP.P. 52(a).

It is appellants' burden to present a sufficient record to this court. TEX. R.APP.P. 50(d); *Budd v. Gay*, 846 S.W.2d 521, 524 (Tex.App.—Houston [14th Dist.] 1993, no writ). The failure to cite relevant portions of the trial court record waives appellate review. *Tacon Mechanical Contractors, Inc. v. Grant Sheet Metal, Inc.*, 889 S.W.2d 666, 671 (Tex.App.—Houston [14th Dist.] 1994, writ denied). The burden is on appellants to demonstrate the record supports their contentions and to make accurate references to the record to support their complaints on appeal. *Elder v. Bro*, 809 S.W.2d 799, 801 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

The majority of Russell's factual assertions are not referenced to the record. The few instances where Russell does cite to the record are insufficient to demonstrate to this court where error may be found. *See Upton v. Baylor College of Medicine*, 811 S.W.2d 168, 174 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (incorrect record reference waived error). Russell's cites refer to nonexistent pages of the transcription of the statement of facts, they refer only to a volume and fail to refer to any page number, or they fail to support the factual statement made in the brief.[5] The Intervenors refer only four times to the record, and those citations are insufficient for failure to reference any volume number of the transcription of the statement of facts. Russell refers to the transcript only once, and the Intervenors never reference the transcript. Neither Russell

5. The record of this trial was made by electronic tape recording, as authorized by the Texas Supreme Court. *See* RULES GOVERNING THE PROCEDURE FOR MAKING A RECORD OF COURT PROCEEDINGS BY ELECTRONIC RECORDING. The pages of the transcription of those tapes provided to this court are not numbered consecutively throughout the transcription; each volume begins at page one.

nor the Intervenors ever cite to a specific exhibit by number.

 There are 10 volumes of statement of facts, consisting of approximately 900 pages covering the trial and post-judgment motions, plus two separate recusal and disqualification hearings with exhibits, almost 50 trial exhibits, and over 1300 pages of transcript. We have no duty to search a voluminous record without guidance from appellants to determine whether their assertions of error are valid. *Rendleman v. Clarke*, 909 S.W.2d 56, 59 (Tex.App.—Houston [14th Dist.] 1995, writ requested). We have discretion, however, whether to deem points waived for briefing inadequacies or to allow amendment or rebriefing. *Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994) (limiting *Inpetco, Inc. v. Texas Am. Bank/Houston N.A.*, 729 S.W.2d 300 (Tex.1987)).

 In *Rendleman*, we declined to allow amendment or rebriefing because appellee had specifically pointed out the defects and irregularities in appellant's brief and appellant had failed to correct or explain them, even though it acknowledged appellee's allegations and had ample time before submission to file a supplemental brief. *Rendleman*, 909 S.W.2d at 59. A similar situation is present here. NCOC filed its brief over seven months before submission of this cause, specifically enumerating many serious briefing errors, and neither Russell nor the Intervenors have responded. *See also Stevens v. Stevens*, 809 S.W.2d 512, 513–14 (Tex. App.—Houston [14th Dist.] 1991, no writ) (appellant not given opportunity to rebrief where he admitted receipt of appellee's brief putting him on notice of defects almost seven months before submission and offered no explanation for his failure to rebrief).

At oral argument, Russell's attorney acknowledged receipt of NCOC's brief pointing out her inaccurate record cites. The only explanation offered was that NCOC must have received a different copy of the transcription than Russell's attorney. When using an electronically recorded statement of facts, the relevant portions of the transcription of the tapes are to be attached as appendices to the briefs so that this court may readily refer to them. *See* Rules Governing the Procedure for Making a Record of Court Proceedings by Electronic Recording § 5. Russell's attorney made no attempt to verify what had happened to cause its references to differ from those of appellees, to correct the inaccuracies, or to enlighten this court where its references could be found in the transcription furnished to this court. Therefore, we do not feel compelled to delay this proceeding by permitting additional time for correction of appellants' briefing errors.

For example, in point six, Russell complains that the trial court erred in the admission of evidence, but fails to point out where the evidence was offered and admitted and does not show any objection or ruling by the court. The Intervenors similarly object to the admission of extraneous evidence in their points three and five, but fail to support those points with citation to the record. Appellants fail to identify specific exhibits admitted at trial. The precise evidence objected to cannot be ascertained, and appellants thus waived any error. We overrule Russell's point of error six and the Intervenors' points of error three and five.

 In their points six and seven, the Intervenors object to the charge, and Russell complains of charge error in her point seven. Nowhere do they cite to any objection or tender of any requests. To preserve error, a party is required to object to the submission of an erroneous question, instruction, or definition. TEX.R.CIV.P. 274; *Hernandez v. Montgomery Ward & Co.*, 652 S.W.2d 923, 924 (Tex.1983). To preserve error pertaining to an omission from the charge, a written request for the omitted question, instruction or definition must be submitted. TEX. R.CIV.P. 278. The request must be in writing, in substantially correct form, and tendered to the trial court. TEX.R.CIV.P. 273. By failing to direct this court to their objections and requests, if any, appellants have waived any error in the charge. We overrule the Intervenors' points of error six and seven and Russell's point of error seven.

In Russell's point eight and the Intervenors' point nine, they complain about the

trial court's denial of their motions for mistrial because of prejudicial comments made by opposing counsel during voir dire and jury argument. Similarly, the Intervenors complain in point ten of the denial of another motion for mistrial in response to the court's allegedly prejudicial comment. Yet, neither correctly identifies where in the record these statements may be found. While appellants cite the appropriate standard for reviewing prejudicial comments by counsel as set forth in *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835 (Tex.1979), they fail to support their points with a showing that all of the elements of the *Reese* standard were met. Appellants' complaints are waived. We overrule Russell's point of error eight and the Intervenors' points of error nine and ten.

In Russell's points nine and ten, she complains that the trial court should have recused or disqualified itself. She made separate motions and an independent judge conducted separate hearings on each. Findings of fact and conclusions of law were made as to both hearings. Russell does not challenge these findings. Unless the trial court's findings are attacked, they are binding on the appellate court. *S & L Restaurant Corp. v. Leal*, 883 S.W.2d 221, 225 (Tex. App.—San Antonio 1994, writ requested). At oral argument, Russell's counsel asserted that case law clearly supported disqualification, yet no cases or other authority are cited under these points. Points of error not supported by authority are waived. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex.1983). We overrule Russell's points of error nine and ten.

In Russell's point eleven, she complains that the trial court erred by permitting an electronically recorded statement of facts. She failed to demonstrate where her claimed errors in the transcription occurred, and how these purported errors denied her due process of law. In addition, she had means available to correct any errors in the transcription, and she has not availed herself of those means. *See* RULES GOVERNING THE PROCEDURE FOR MAKING A RECORD OF COURT PROCEEDINGS BY ELECTRONIC RECORDING § 9. We overrule Russell's point of error eleven.

Finally, in Russell's point twelve, she complains that the District Clerk exceeded her request for matters to be included in the transcript. Under this point, she has not identified what material is extraneous. We find Russell has also waived any error in point twelve and overrule the point.

NCOC brings a cross-point complaining of the trial court's refusal to award attorney's fees to it.[6] Because this action was brought as a declaratory judgment under Chapter 37 of the Civil Practices and Remedies Code, NCOC contends it is entitled to recover attorney's fees. TEX.CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986).[7] The trial court refused to consider NCOC's request for fees because no question on attorney's fees was submitted to the jury. NCOC argues that the award rests solely within the discretion of the trial court, and therefore, no question properly could have been submitted to the jury.

It is well settled that we review the award of attorney's fees under the declaratory judgment statute by an abuse of discretion standard. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or in other words, acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

NCOC argues that it is within the trial court's discretion not only to determine whether to award fees and to whom, but also the amount of the award. *See United Interests, Inc. v. Brewington, Inc.*, 729 S.W.2d 897, 906 (Tex.App.—Houston [14th Dist.]

---

6. The City attempts to join in this cross-point by reference in its brief. However, the motion for attorney's fees was filed by NCOC only. We are not directed to a similar motion filed by the City and must conclude that any claim for attorney's fees by the City is waived.

7. "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986).

1987, writ ref'd n.r.e.) (fees awarded to neither party); *District Judges of Collin County v. Commissioners Court of Collin County,* 677 S.W.2d 743 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) (fees awarded to non-prevailing party). Therefore, NCOC argues it would be improper to submit the amount of attorney's fees to a jury when this court is required to review that award under an abuse of discretion standard.

 The award of attorney's fees is a question for the trier of fact. *International Sec. Life Ins. Co. v. Spray,* 468 S.W.2d 347, 349 (Tex.1971). Here, the jury was the factfinder. After the jury returned its verdict on the question of Haswell's intent, NCOC consented to the dismissal of the jury. The parties' Rule 11 agreement, discussed earlier, provided for evidence and submission of other issues, including attorney's fees, after the jury answered the question on intent. Thus, NCOC had acknowledged that attorney's fees would be submitted to the jury and then failed to request an opportunity to do so.

In *Magids v. Dorman,* 430 S.W.2d 910, 912 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.), this court recognized that while allowance of attorney's fees rests in the sound discretion of the trial court, it is the province of the jury to determine what is the reasonable value of the attorney's services. *Magids* was not a declaratory judgment action, however. Nonetheless, NCOC does not provide any authority for rejecting application of this principle to our facts.

In fact, NCOC does not cite any cases directly on point. In the absence of clear authority that attorney's fees are to be determined only by the trial court instead of the jury under facts such as exist here, we cannot find that the trial court abused its discretion in failing to award attorney's fees. We overrule NCOC's cross-point.

In conclusion, we affirm the judgment of the trial court.