Affirmed and Memorandum Opinion filed August 25, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00752-CV

___________________

 

Ralph O. Douglas, Appellant

 

V.

 

Elise Selma Ingersoll, Appellee



 



 

On
Appeal from the 270th District Court

Harris County,
Texas



Trial Court Cause No. 2008-71252

 



 

 

MEMORANDUM OPINION

            Pro se appellant Ralph O. Douglas, an inmate in the
Texas Department of Criminal Justice, Institutional Division, appeals from the
trial court’s order dismissing his lawsuit for want of prosecution.  We affirm.

Factual and Procedural
Background

            On
December 3, 2008, appellant filed his “Original Petition for Trespass to Try
Title.”  Appellee Elise Selma Ingersoll was the named defendant.

            On
June 3, 2009, the trial court sent a “Notice of Intent to Dismiss-No Answer
Filed” to appellant.  The notice informed appellant:

            Court records indicate that this case is
eligible for dismissal for want of prosecution because no answer has been filed
in this case.  The case will be DISMISSED FOR WANT OF PROSECUTION, unless one
of the following actions is taken by 07-31-2009.

1. You file and have heard, by
oral hearing or written submission, a meritorious motion for default judgment
…; or,

            2. An answer is filed; or,

If neither of the above has been done, then you must file a
verified motion to retain, showing good cause to retain the case or diligence
in prosecution to avoid dismissal, and appear at the oral hearing, to be held
at the Harris County Civil Courthouse, 201 Caroline, Houston, Texas 77002, on
07-31-2009 at 10:00 AM.

            On
June 18, 2009, appellant filed a motion for default judgment and asked that it
be submitted to the trial court on June 29, 2009.  In his motion appellant
asserted that appellee “was served through its attorney on December 22, 2008;”
however no return of service appears in the appellate record.  

On August 11, 2009, the
trial court signed an order dismissing appellant’s lawsuit for want of
prosecution.

On August 24, 2009
appellant filed, among other things, a verified motion to reinstate.  On that
same date, appellant filed a “Notice of Hearing for Motion to Reinstate”
scheduling his motion to reinstate for hearing at 8:00 a.m. on August 31, 2009
at the 270th District Court of Harris County, Texas.  Stamped on the first page
of appellant’s motion to reinstate is: “PASSED (NOT TIMELY)” with the
handwritten notation “8/27.”  Appellant requested a hearing on his motion to
reinstate and asked the trial court “to allow [him] to appear via any
alternative means, i.e. telephone conference and/or video conference, etc. to
represent himself for the hearing on the motion to reinstate.”  There is no
evidence in the appellate record that a hearing did not occur.  Appellant’s
motion to reinstate and his motion for new trial were overruled by operation of
law.  This appeal followed.

Discussion

            Appellant
raises six issues on appeal, which we consolidate into three. 

A.        Dismissal
for want of prosecution

            In
his first consolidated issue, appellant asserts the trial court erred when it
dismissed his suit against appellee for want of prosecution based on
appellant’s failure to serve appellee with his lawsuit.  In support of his
argument, appellant asserts he properly served appellee.  We disagree.

            As
mentioned above, there is no return of service to be found in the appellate
record.  To be effective a return of service must state when the citation was
served, state the manner of service, and be signed officially by the officer
affecting service.  Aguilar v. Livingston, 154 S.W.3d 832, 834 (Tex.
App.—Houston [14th Dist.] 2005, no pet.).  Because the record does not
demonstrate that appellant served appellee, we conclude the trial court did not
err when it dismissed appellant’s lawsuit.[1] 
We overrule appellant’s first issue on appeal.  

B.        Motion
to Reinstate

In his second consolidated
issue, appellant contends “the trial court abused its discretion for failure to
conduct a mandatory hearing on [appellant’s] motion to reinstate.”  

            Rule
165a(3) provides, in part:

            A motion to reinstate shall set forth the
grounds therefor and be verified by the movant or his attorney.  It shall be
filed with the clerk within 30 days after the order of dismissal is signed or
within the period provided by Rule 306a….  The clerk shall deliver a copy of
the motion to the judge, who shall set a hearing on the motion as soon as
practicable.  The court shall notify all parties or their attorneys of record
of the date, time and place of the hearing.

Tex. R.
Civ. P. 165a(3).  The Supreme Court has determined that an oral hearing is
required on any timely motion to reinstate under Rule 165a.  Thordson v.
City of Houston, 815 S.W.2d 550, 550 (Tex. 1991) (citing Gulf Coast
Investment Corp. v. NASA 1 Business Center, 754 S.W.2d 152, 153 (Tex.
1988)). 

            Appellant’s
motion was timely filed within the thirty-day deadline required by Rule 165a.  Appellant’s
motion was verified as required by Rule 165a.  In addition, appellant scheduled
a hearing on his motion to reinstate on August 31, 2009 at 8:00 a.m.  Even
though the grounds stated within appellant’s motion to reinstate may not
trigger mandatory reinstatement of his lawsuit under Rule 165a(3), appellant
“is entitled to a hearing on his motion.”  Id.  

Appellant alleges in his
appellate brief that the required hearing did not take place.  However, as
mentioned above, there is no evidence in the appellate record that the hearing
did not occur.  Absent some evidence in the appellate record that the trial
court refused to honor appellant’s notice of setting, we refuse to hold that
the trial court erred.  See Russell v. City of Bryan, 919 S.W.2d 698,
706 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (“The burden is on appellants
to demonstrate the record supports their contentions and to make accurate
references to the record to support their complaints on appeal.”).  We overrule
appellant’s second issue on appeal.

C.        Motion
for New Trial

            In
his third consolidated issue, appellant asserts the “trial court abused its
discretion in allowing appellant’s motion for new trial to be overruled by
operation of law.”  In support of his third issue, appellant points to the same
alleged errors already addressed in his first two issues on appeal.  Because we
have already found no error with respect to these earlier issues, we conclude
the trial court did not abuse its discretion in allowing appellant’s motion for
new trial to be overruled by operation of law.  We overrule appellant’s third
issue.

Conclusion

Having overruled
appellant’s issues on appeal, we affirm the judgment of the trial court. 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Seymore, and McCally.

 









[1] Appellant attached as an appendix
to his appellate brief a document he contends is the return of service on
appellee.  This document is not included in the appellate record.  We begin by
noting that we may not consider documents attached to an appellate brief that
are not part of the appellate record.  Ramex Construction Co. v. Tamcon
Services, Inc., 29 S.W.3d 135, 138 (Tex. App.—Houston [14th Dist.] 2000, no
pet.).  Even if we could consider appellant’s document, it would not change the
result as it demonstrates on its face that the constable was unable to serve
appellee because appellant provided an incorrect address.