**Affirmed and Memorandum Opinion filed October 9, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00561-CV

---

### CAROLE EHLERT BENTLEY, INDEPENDENT EXECUTRIX OF THE ESTATE OF LEIGH JOHN BENTLEY, SR.-DECEASED, Appellant

### V.

### DUANE BENTLEY PECK, INDIVIDUALLY AND AS TRUSTEE OF THE STELLA KENNELLY BENTLEY FAMILY TRUST; LEIGH JOHN BENTLEY D/B/A SECOND AMENDMENT SHOOTING CENTER, Appellees

---

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCV-202291**

---

## MEMORANDUM OPINION

In a single issue, appellant Carole Ehlert Bentley, Independent Executrix of the Estate of Leigh John Bentley, Sr.-Deceased, (Carole) contends that the trial court "abused its discretion in granting the Final Judgment on July 10, 2017 thereby violating Appellant's due process rights." She asks this court to deem the judgment

void. However, Carole fails to make a clear and concise argument with appropriate citations to authorities, and she fails to demonstrate error in the record. Accordingly, we affirm.

## I. BACKGROUND

This case initially began as a family dispute about a purported lease between members of the Bentley family: appellees Leigh John Bentley (Leigh Jr.) and Duane Bentley Peck (Duane). Following the death of Leigh Jr.'s grandfather (Carl) and father (Leigh Sr.), Carole intervened. Carole is Leigh Jr.'s mother and was married to Leigh Sr. at the time of Leigh Sr.'s death. She was the independent executor and sole beneficiary of Leigh Sr.'s estate. Duane and Carole inherited, or stood to inherit, fifty percent undivided interests in the tract of land that included the leased premises.

Carole stated in the petition that the basis for her intervention was her status as the executor of Leigh Sr.'s estate:

- "As the personal representative of [Leigh Sr.'s] estate Carole Bentley therefore has a justiciable interest in the subject matter of this suit and standing to intervene as a necessary party."
- "Carole Bentley, as the Independent Executrix of his estate, must be made a party to the action."

Later, Carole filed a verified motion for continuance "in her capacity as Executrix of the Estate of Leigh John Bentley, Sr., Deceased."

Eventually, all parties to this appeal appeared before the trial court and agreed to a settlement, which included termination of the lease, partition of the land between Duane and Carole, disposition of livestock, and the building of a fence. The trial court delayed signing a written judgment so the parties could obtain a survey of the land.

2

Carole, represented by a different lawyer, then filed a document titled "Estate of Leigh John Bentley, Sr., Deceased's Petition in Intervention," in which Carole purportedly filed the petition in her capacity as independent executor of the estate. She alleged a claim against Duane for breach of fiduciary duties that Duane owed because of Duane's status as trustee of a trust and executor of Carl's estate.

After a survey of the land was completed, the parties attended a hearing on Duane's motion to enter a judgment. Carole's new lawyer explained that "the estate" had standing and "the estate does not agree to the settlement agreement." He argued that Carole, individually, had her own legal counsel, but that he represented "the Bentley estate." He argued that the settlement agreement was made "prior to my client being in this court."

After additional briefing, the trial court signed an order denying Carole's second petition in intervention. The court found that Carole, "individually and as Independent Executrix of the Estate of Leigh John Bentley Sr., Deceased, has previously intervened and participated in the case and was present and participated in a settlement agreement agreed to in open court."

The trial court signed a final judgment incorporating the terms of the settlement. Carole brings this appeal.

## II.    ANALYSIS

On appeal, Carole contends that the settlement agreement "was without Appellant's participation in violation of Appellant's due process rights and should be deemed void ab initio." And she claims that the trial court "denied Appellant's legal right to participate in the underlying lawsuit thus violating Appellant's due process rights."

The record belies Carole's contentions that she did not participate in the lawsuit. Carole had intervened in the lawsuit and based her justiciable interest on her status as the independent executor of Leigh Sr.'s estate. The record from the settlement hearing evidences her participation:

[Duane's Lawyer]: Excuse me. Now, Carol Bentley is here also.

THE COURT: Okay.

[Carole's Lawyer]: I would like to put her on the record, too.

(Carol Bentley approaches)

[Duane's Lawyer]: My client asks that we say in plain English that this is going to end the lawsuit, this lawsuit, and it's going to settle all the claims in this lawsuit.

THE COURT: I'll get to that right at the end. All right, ma'am. Will you identify yourself for the record, please?

MS. BENTLEY: Carol Bentley.

THE COURT: All right. Miss Bentley, will you raise your right hand for me.

(Miss Carol Bentley sworn)

THE COURT: Have you heard what has been said as the agreement to end this lawsuit?

MS. BENTLEY: Yes.

THE COURT: Is that your agreement?

MS. BENTLEY: Yes.

THE COURT: Do you believe it to be fair under the circumstances?

MS. BENTLEY: Yes.

THE COURT: All right.

On appeal, this court struck Carole's initial brief because it contained no citations to the record or legal authorities. *See* Tex. R. App. P. 38.1(g), (i). She filed an amended brief that includes some citations to the record and citations to legal authorities concerning the standard of review for an abuse of discretion, but she

4

includes no citations to support her legal or factual assertions concerning due process or whether the trial court's judgment is void.

Although we construe briefs liberally and require only substantial compliance with briefing rules, *see* Tex. R. App. P. 38.9, if an appellant's issues are unsupported by a clear and concise legal argument with appropriate citations to authorities, the appellant waives error. *See, e.g.*, *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 321–22 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) ("[A]ppellate issues are waived when the brief fails to contain a clear argument for the contentions made."). "An appellate court has no duty, or even the right, to perform an independent review of the record and applicable law to determine whether there was error." *Canton-Carter*, 271 S.W.3d at 930.

Carole, as the appellant, has the burden to show error. *See Budd v. Gay*, 846 S.W.2d 521, 524 (Tex. App.—Houston [14th Dist.] 1993, no writ) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)); *see also Garcia v. Sasson*, 516 S.W.3d 585, 590 (Tex. App.—Houston [1st Dist.] 2017, no pet.). She has the burden to demonstrate that the record supports her contentions. *See Russell v. City of Bryan*, 919 S.W.2d 698, 706 (Tex. App.—Houston [14th Dist.] 1996, writ denied). But, as noted above, Carole has not demonstrated in her amended brief that she was prevented from participating in the settlement agreement that prompted the trial court's judgment. The record shows only that the trial court prevented Carole from litigating—in this lawsuit between the appellees about a lease—Carole's claim for breach of fiduciary duty against one appellee regarding the appellee's status as a trustee of a trust and executor of an estate. Carole does not explain how the trial

court's denial of her second petition may have been erroneous, how she was denied due process, or how the trial court's judgment is void.

When an appellant's brief is deficient, it is a "settled rule that an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing." *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). We have already allowed Carole to file an amended brief. Due to inadequate briefing, she has waived her issue on appeal. *See, e.g.*, *Canton-Carter*, 271 S.W.3d 931–32. And, our review of the record reveals no obstacle to the trial court's jurisdiction that might result in a void judgment.

The trial court's judgment is affirmed.


/s/ Ken Wise
   Justice


Panel consists of Justices Jamison, Wise, and Jewell.