**Bernice Lively STEVENS, Appellant,**

v.

**Curley J. STEVENS, Appellee.**

**No. B14–89–998–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 7, 1991.

George E. Baldry, Houston, for appellant.

Howard J. Stern, Houston, for appellee.

Before PAUL PRESSLER, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a take-nothing judgment entered in favor of appellee. Appellant filed a motion for contempt for failure to deliver possession of property awarded to her in a divorce decree. Appellant sought enforcement of the decree by contempt or, in the alternative, a judgment for conversion of personal property. After a bench trial, the trial court denied the requested relief. In two points of error, appellant claims the trial court erred in its findings of fact and conclusions of law. We affirm.

In her brief, appellant has not directed us to anything in the record which would support her points of error. Also, she has not cited any authority to support the error she has attempted to raise. It is not the duty of the court of appeals to make an independent search of the statement of facts and to search the record for evidence supporting a litigant's position under particular points of error. *See Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons of Texas and Jurisdiction v. Jackson*, 732 S.W.2d 407, 412 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Therefore, appellant has waived her points of error. *Essex Crane Rental Corp. v. Striland Construction Co.*, 753 S.W.2d 751, 756 (Tex.App.—Dallas 1988, writ denied); Tex. R.App.P. 74(f).

A judgment cannot be affirmed or reversed, or an appeal dismissed, for defects or irregularities in appellate procedure, without allowing appellant a reasonable time to amend or correct such defects or irregularities. Tex.R.App.P. 83. In *Inpetco, Inc. v. Texas American Bank/Houston N.A.*, 722 S.W.2d 721, 722 (Tex.App.—Houston [14th Dist.] 1986), a panel of this court held that the appellant waived its point of error because it failed to comply with the briefing rules. In a per curiam opinion, the Texas Supreme Court refused the writ of error on the merits but disapproved our treatment of the procedural question. *Inpetco, Inc. v. Texas American Bank/Houston N.A.*, 729 S.W.2d 300 (Tex. 1987). The court specifically held that "[t]he court of appeals erred in affirming the trial court on the basis of Inpetco's briefing inadequacies without first ordering Inpetco to rebrief." *Id.*

In *Inpetco*, the appellant apparently was never put on notice of the defects in the brief prior to the opinion affirming the trial court's judgment. However, in this case, appellant was put on notice almost seven months before submission that the brief failed to direct the court of appeals to anything in the record, and failed to cite any authority to support the errors alleged. Appellee filed his brief on April 19, 1990, and pointed out with specificity the defects and irregularities in appellant's brief. The case was submitted to this court by oral submission on November 7, 1990. At submission, appellant's attorney admitted he received appellee's brief and was aware of the allegations of defects and irregularities in his brief. He offered no explanation for his failure to rebrief other than to say he thought this court would "look at the record."

Although the record in this case is wholly void of anything to support appellant's points of error directed at the trial court's findings of fact and conclusions of law, we believe this case should be disposed of on procedural grounds. It is also our belief that the Supreme Court in *Inpetco* did not mean that appellate courts must always order rebriefing even when the parties are otherwise on notice of the defects or irregularities *and* have had reasonable time to correct or amend such defects or irregularities.

514

Therefore, we find that appellant has failed to comply with the briefing requirements set forth in TEX.R.APP.P. 74(d) and (f), and we find further that she has been put on notice of the defects and irregularities in her brief and has had a reasonable time to cure such defects and irregularities and has failed to do so. We therefore dismiss the appeal and affirm the judgment of the trial court.