**M.L. RENDLEMAN dba Commercial Insulators, Inc., Appellant,**

v.

**Rufus B. CLARKE, Appellee.**

**No. 14–93–01059–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Motion for Rehearing Overruled;
Affirmed and Opinion Filed Sept. 7, 1995,
Withdrawn and
Substitute Opinion on Rehearing
Filed Nov. 2, 1995.

David S. Lynch, Steven A. Leyh, Stephen A. Bell, Michael O. Whitmire, Houston, for appellant.

Glenn H. Devlin, Houston, Vincent L. Marable, III, Wharton, for appellee.

**58**

Before MURPHY, C.J., and YATES and FOWLER, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant, Commercial Insulators, Inc., brings this appeal from a judgment confirming a jury verdict in favor of appellee, Rufus Clarke, and awarding him $184,685.80 in actual damages, $500,000.00 in punitive damages, plus prejudgment interest, for injuries he sustained when he slipped and fell in fireproofing on a construction site. Appellant raises six points of error alleging the trial court erred in admitting certain evidence of other falls and other complaints, and in refusing to submit to the jury a question and an instruction on premises liability. Appellant also challenges the sufficiency of the evidence to support the jury's findings. We affirm.

At the time of appellee's injury, appellant was a subcontractor on a large construction site whose duties included applying fireproofing material to various parts of the structure, and cleaning up excess fireproofing. Appellee worked as an electrician for a different subcontractor on the same site. While working in an area which had been previously sprayed with fireproofing, appellee stepped into wet fireproofing, slipped and twisted his back. As a result, he incurred three serious operations which left him unable to bend and unable to find suitable employment. Appellee brought suit against appellant on theories of negligence and gross negligence.

■ In its first point of error, appellant alleges the trial court erroneously admitted evidence that other people had fallen in the fireproofing overspray and evidence that other people had lodged complaints about appellant's failure to clean up the fireproofing overspray. We do not reach the merits of the admissibility of evidence of other falls because in each case, appellant either failed to object, or objected only after the testimony had been offered and received. To preserve a complaint for appellate review, a party must present to the trial court a *timely* request, objection, or motion, state the specific grounds therefor, and obtain a ruling before the testimony is offered and received. TEX.R.EVID. 103; TEX.R.APP.P. 52(a); *Atlantic Richfield v. Misty Products,* 820 S.W.2d 414, 421 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

■ Appellant urges this Court to take judicial notice that this trial was the second trial of this case, and that the court below adopted its rulings from the first trial on both testimony and exhibits, thus obviating the necessity for appellant to make contemporaneous objections on most retried points. The record of the first trial, however, is not before this Court. We may only review the objections and rulings from the second trial which appear in the record on appeal. *Sabine Offshore Serv. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex.1979); *Carlisle v. Philip Morris, Inc.,* 805 S.W.2d 498, 501 (Tex.App.—Austin 1991, writ denied). Therefore, appellant failed to preserve error for our review.

■ Appellant also contends the trial court erroneously admitted evidence of complaints about its failure to clean up the fireproofing overspray because the evidence was irrelevant and highly prejudicial. "Evidence of a defendant's subjective knowledge of the peril created by his conduct is admissible to prove gross negligence." *Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361, 365 (Tex.1987). Therefore, evidence of the complaints was relevant and highly probative of appellant's knowledge of the hazard it created, and of its refusal to take corrective action under a theory of gross negligence, a cause of action asserted against appellant by appellee. Furthermore, appellant did not request an instruction limiting the admissibility of this evidence to the issue of gross negligence. Consequently, appellant waived any complaint to the general admission of the evidence. TEX.R.EVID. 105(a); *Birchfield,* 747 S.W.2d at 365. Appellant's first point of error is overruled.

■ In its second, third and sixth points of error, appellant challenges the legal and factual sufficiency of the evidence to support the jury's findings that appellant's conduct constituted a proximate cause of appellee's injuries, that appellant was grossly negligent,

and that appellee was not negligent. We do not reach the merits of these points of error either because appellant failed to properly brief the points for our consideration. Appellant failed to support its second point of error with any legal authority. Appellant also failed to support its sixth point of error with any legal authority. A point of error not supported by authority is waived. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex. 1983); *Hunter v. NCNB Texas Nat'l Bank,* 857 S.W.2d 722, 725 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *see also* TEX. R.APP.P. 74(f). Similarly, appellant's third point of error is totally devoid of any reference to the statement of facts or transcript. This Court has no duty to search a voluminous record without guidance from the appellant to determine whether an assertion of reversible error is valid. *Stevens v. Stevens,* 809 S.W.2d 512, 513 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Most Worshipful Prince Hall v. Jackson,* 732 S.W.2d 407, 412 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). The failure to cite to relevant portions of the trial court record waives appellate review. *Tacon Mech. Contractors v. Grant Sheet Metal Inc.,* 889 S.W.2d 666, 671 (Tex.App.— Houston [14th Dist.] 1994, writ denied).

█ Appellant contends in its rebuttal brief that to overrule these points of error or to deem them waived because of its failure to cite to authority is unduly harsh and contrary to Rule 74(*o*) and (p) of the Texas Rules of Appellate Procedure. Rule 74(*o*) requires the appellate court to allow a party to amend or supplement its brief if the court strikes or refuses to consider any part of a brief. Rule 74(p) requires the appellate court to apply briefing rules liberally and allows the case to be rebriefed if a party flagrantly violates Rule 74. Nevertheless, an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing. *Fredonia State Bank v. American Life Ins.,* 881 S.W.2d 279, 284 (Tex.1994). Whether the court properly exercised that discretion depends upon the facts of the case. *Id.*

Appellee filed his brief on August 4, 1994 and pointed out with specificity the defects and irregularities in appellant's brief. Appellant filed a rebuttal brief on April 28, 1995, acknowledging the allegations of defects and irregularities in its brief but offering no other explanation for its failure to fully brief its no evidence points other than it was unable to find any evidence supporting the jury's verdict. As to its factual insufficiency points, appellant contends that this Court bears the burden to articulate a full evidentiary comparison under *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986) and subsequent cases.

█ In *Pool,* the Texas Supreme Court required appellate courts in reviewing factual sufficiency challenges to state the relevant evidence when overturning trial court fact findings. *Id.* Appellate courts bear the same burden when affirming or reversing an award of punitive damages. *Transportation Ins. Co., v. Moriel,* 879 S.W.2d 10, 30–1 (Tex. 1994). Although this Court reviews all the evidence in a sufficiency challenge and must specifically explain its holding under *Pool,* the appellant still bears the burden of supporting a sufficiency point of error with appropriate argument, authority, and citation to the record under Rule 74(f). Nothing in the Texas Rules of Appellate Procedure precludes an appellant from complying with the rules or shifts the burden to the court of appeals because a party raises a sufficiency challenge.

█ Appellant had ample notice of its briefing defects and ample opportunity to rebrief its sufficiency points of error. Because it failed to rebrief these points during the seven months appellee's brief had been before this Court, we decline to allow appellant to rebrief now. *Stevens,* 809 S.W.2d at 513. Appellant waived points of error two, three and six; therefore, we overrule these points of error.

█ In its fourth and fifth points of error, appellant alleges the trial court erred in refusing to submit a jury question on premises liability and an instruction on one of the elements of premises liability, namely, the actual or constructive knowledge of the defective condition. Appellant contends appellee's cause of action was really based on a theory of premises liability and not general

negligence; although in his pleadings, appellee sought recovery under theories of negligence and gross negligence. The trial court has great discretion in submitting the jury charge. *Texas Dept. of Transp. v. Ramming*, 861 S.W.2d 460, 463 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *see also* TEX.R.CIV.P. 277. This discretion is subject to the requirement that the questions submitted must control the disposition of the case, be raised by the pleadings and evidence, and properly submit the disputed issues for the jury's deliberation. *Id.*

■ Generally, to recover on a negligent activity theory, one must have been injured by or as a contemporaneous result of an activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992). On the other hand, to recover on a premises liability theory, one must be injured by a condition on the property created by an activity. *Id.* at 264. Ordinarily, a person who does not own or possess property assumes no liability for injury under a premises liability theory, unless he assumes control over, and responsibility for, the premises. *City of Denton v. Van Page*, 701 S.W.2d 831, 835 (Tex.1986). "It is possession and control which generally must be shown as a prerequisite to liability." *Id.*

■ An independent contractor on a construction site, who is in control of the premises, is charged with the same duty as an owner or possessor. *Id.* at 834; *Redinger v. Living*, 689 S.W.2d 415, 417 (Tex.1985); *Peters v. Detsco, Inc.*, 820 S.W.2d 38, 40 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (citing RESTATEMENT (SECOND) OF TORTS § 384 (1965)); *see also* RESTATEMENT (SECOND) OF TORTS § 384 cmt. d (1965) (stating subcontractor has same liability but only for such harm as is done by the particular work entrusted to him).

■ The parties do not dispute that appellee's injuries were a result of a condition created from fireproofing on the floor of the construction site. The parties do dispute whether appellant exercised sufficient control over the premises to bring it within the duties of an owner or possessor of the property under a premises liability theory of re-

covery. Control, as used in this context, may be defined as the "power or authority to guide or manage." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 285 (9th ed.1991). In light of the fact that approximately twenty subcontractors worked on the project at any given time, and that the general contractor maintained close control over site management even to the extent of forming composite crews from each subcontractor to clean up trash and fireproofing overspray, we find appellant did not exercise sufficient control of the premises to impose upon it the duties of a possessor or occupier.

■ Furthermore, we find no special legal relationship existing between appellant and appellee that would bring appellee within the scope of appellant's duty under a premises liability theory. *See Bennett v. Span Industries, Inc.*, 628 S.W.2d 470, 473 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (finding no legal relationship between employees of two subcontractors). Appellee was not an invitee, a licensee, or a trespasser to whom appellant owed the duty of care. *See Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536–37 (Tex.1975) (defining invitee and duties toward invitees); *see also Peters*, 820 S.W.2d at 40 (defining licensee and duties toward licensee). Appellee's negligence action was predicated upon appellant's creating and leaving a dangerous condition with knowledge that other persons working in the structure would be exposed to that danger. *See Bennett*, 628 S.W.2d at 473. Consequently, appellant's duty did not arise from a matter of legal relationship, but from the duty of ordinary care at common law based on its knowledge of the danger, and the probability of injury. *Id.* Because the evidence did not raise a cause of action based on premises liability, the trial court did not err in denying appellant a question or an instruction on the same.

■ Even if appellant exercised sufficient control to impose a duty of care as a possessor under a theory of premise liability, the trial court did not err in submitting a question on general negligence instead of one specifically enumerating the elements of premises liability. Because a preference exists for broad-form submission of jury ques-

tions, a general negligence question, accompanied by appropriate instructions, is a correct broad-form premises liability question. *See Keetch,* at 266; *see also* TEX.R.CIV.P. 277; *Texas Dept. of Human Servs. v. E.B.,* 802 S.W.2d 647, 649 (Tex.1990). Nevertheless, the jury question was not accompanied by an appropriate instruction defining the controlling element of appellant's actual or constructive knowledge of the premises defect. The fact that the owner or occupier created a condition on the property that posed an unreasonable risk of harm may support an inference of knowledge, but the jury must still find that the owner or occupier knew or should have known of the condition *unless such knowledge is uncontroverted. Keetch* at 265 (emphasis added).

In this case, the trial court was not required to submit the instruction regarding knowledge because appellant's knowledge of the danger and extent of fireproofing overspray was uncontroverted. The record indicates that appellant was aware of the fireproofing overspray problem. The fact that appellant's superintendent testified that he did not know how the fireproofing overspray came to be on the floor area where appellee was injured is not controverting evidence on this issue. In a premise liability case, the owner or occupier does not have to know of the specific hazard which caused a party's injury. The owner or occupier must know or should know of "the foreseeable harm of some course of conduct or method of operation." *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983). The trial court did not abuse its discretion by denying appellant's requested question and instruction because the trial court could find from the evidence that appellant had actual or constructive knowledge of the dangerous condition as a matter of law. Appellant's fourth and fifth points of error are overruled.

The judgment of the court below is affirmed.