Affirmed and Memorandum Opinion filed November 18, 2003









Affirmed and Memorandum Opinion filed November 18,
2003.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00884-CV

____________

 

LARRY MILLER, d/b/a MOBILE MECHANIC, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 190th
District Court

Harris County, Texas

Trial Court Cause No. 01-41557

 



 

M E M O R A N D U M  
O P I N I O N

The trial court found appellant liable for violations of the
Deceptive Trade Practices-Consumer Protection Act, awarded a permanent
injunction against appellant, and assessed the penalty at a civil fine of
$20,000, restitution to consumers of $247,652.50, and attorneys= fees of $84,536.65.  In two issues, appellant challenges the
sufficiency of the evidence supporting damages and accuses the Attorney General
and his staff of manufacturing testimony. 
We affirm.

 








BACKGROUND

Appellant owned and operated two Amobile mechanic@ shops.  As part of this business operation, mechanics
would travel to consumers= vehicles.  The State sued appellant under the Deceptive
Trade Practices-Consumer Protection Act, alleging the following: (1)
disconnecting parts on consumers= vehicles so the vehicles would
have to be towed to one of the shops; (2) giving low estimates which were
increased once the vehicles were under appellant=s control; (3) charging
consumers for work which had not been performed; (4) threatening consumers with
having their vehicles impounded for not paying inflated bills; (5) foreclosing
bogus mechanics= liens on vehicles; and (6)
converting vehicles for personal use.  In
support of these claims, the State presented approximately forty consumers as
witnesses.

ANALYSIS

In two issues in this pro se appeal, appellant challenges
the sufficiency of the evidence supporting damages and accuses the Attorney
General and his staff of manufacturing evidence. 








In his first issue, appellant challenges the sufficiency of
the evidence as to the civil penalty and restitution damages.[1]   In his argument, appellant primarily
attempts to rebut the testimony of each witness.  However, appellant has provided no record
citations to support any of the assertions he presents, and he apparently
relies on matters that were not offered or submitted as evidence at trial.  It is not the duty of an appellate court to
make an independent search of the record for evidence that supports a party=s position.  Stevens v. Stevens, 809 S.W.2d 512,
513 (Tex. App.CHouston [14th Dist.] 1991, no
writ).  Nor may an appellate court
consider evidence outside the record, other than for limited exceptions not
relevant here.  Nguyen v. Intertex, Inc., 93 S.W.3d 288, 292B93 (Tex. App.CHouston [14th Dist]. 2002, no
pet.).  Because appellant does not
demonstrate how the testimony by any witness is insufficient to support a
finding for the State, and appellant does not point to any competent evidence
to the contrary, we conclude that the evidence is legally and factually
sufficient to support the trial court=s finding.

We further note that appellant has not provided any
explanation of how damages were calculated by the trial court.  The trial court awarded a single restitution
amount and did not break it down as to individual complainants.  Appellant bases his argument on a Arestitution log,@ but the restitution log fails
to comport with either the testimony at trial[2]
or the amount actually awarded.[3]  Because we cannot determine the amount
actually awarded any complainant, we cannot determine if that amount is
supported by the evidence.  See Thomas
v. Oldham, 895 S.W.2d 352, 359B60 (Tex. 1995).

Appellant complains that he was not allowed to present his
evidence as to each of the State=s witnesses after each witness
testified.  During the State=s case, the trial court limited
appellant to cross-examination of the State=s witnesses.  This limitation comports with the Rules of
Civil Procedure, which provide that the plaintiff is to present all of its
evidence first, and then the defendant is to present his evidence.  See Tex.
R. Civ. P. 262, 265.  Although
appellant had the opportunity to present his evidence during his case-in-chief,
he apparently elected not to present evidence on the matters he now wishes us
to consider.








Appellant also complains that a number of claims against him
were barred by the statute of limitations. 
See Tex. Bus. & Com.
Code 17.47(d) & 17.565.  The
trial court was made aware of the statute of limitations, but the court did not
expressly rule as to whether it applied. 
Even assuming the trial court impliedly ruled the statute of limitations
did not apply, appellant did not present this complaint as an issue, and it is
therefore waived.  See Pat
Baker Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998); Allright,
Inc. v. Pearson, 735 S.W.2d 240, 240 (Tex. 1987).   Further, appellant has also waived this
complaint by citing no legal authority as to whether the statute of limitations
applies in this case.[4]  See Raitano
v. Tex. Dept. of Pub. Safety, 860 S.W.2d 549, 554 (Tex. App.CHouston [1st Dist.] 1993, writ
denied).  Appellant=s first issue is overruled.

In his second issue, appellant accuses the Attorney General
and his staff of manufacturing evidence. 
However, appellant has not presented any evidence from the record in
support of his claims.  Appellant=s second issue is
overruled.  See Nguyen, 93
S.W.3d at 292B93.

The judgment of the trial court is affirmed.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed November 18, 2003.

Panel
consists of Justices Yates, Fowler, and Frost.











[1]  Appellant
filed an Aaddendum@ to his
brief challenging the sufficiency of the evidence supporting attorneys= fees.  Although
the rules allow for an appellant to file a reply brief addressing any matter in
the appellee=s brief,
appellant=s Aaddendum@ was
both untimely and raised an issue not previously addressed.  See Tex.
R. App. P. 38.3, 38.6(c).  Thus,
we do not consider this issue. 





[2]  For example,
the restitution log lists John Bajor as being
entitled to $2,000 in restitution. 
However, the State admitted at trial that Bajor
had obtained a judgment against appellant and that he would not be entitled to
an additional recovery, and Bajor stated that he was
not seeking any recovery. But, appellant appears to assume in his brief that
the trial court awarded $2,000 to Bajor nevertheless.





[3]  The
restitution log calculates the total restitution due as $96,754.73.  In its closing argument, the State sought
$84,536.65, which the trial court awarded. 
Appellant provided no explanation of the $12,218.08 difference, nor is
the difference apparent from the Restitution Log.





[4]  The State
apparently presented the trial court with authority for the proposition that
the statute of limitations in section 17.47 applies only to actual damages, not
restitution.  See Tex. Bus. & Com. Code ' 17.47(d). 
Because the question of whether the statute of limitation applies is not
properly before this court, we do not rule on it.