**Affirmed as Modified and Majority and Dissenting Memorandum Opinions filed August 28, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00663-CV

---

## JEFFERSON COUNTY, TEXAS, Appellant

## V.

## DONNA DAVIS, Appellee

---

**On Appeal from the 60th District Court
Jefferson County, Texas
Trial Court Cause No. B-182,252**

---

## D I S S E N T I N G   M E M O R A N D U M   O P I N I O N

Assuming, as the majority concludes, that Issue No. 9 of the County's brief raises a legal- or factual-sufficiency point of error regarding future mental anguish damages, I agree with Davis that we should not reach the issue because of the County's briefing waiver.[1]  Therefore, I would affirm the trial court's judgment in

---

[1] The County's first eight issues begin with the statement, "There is no evidence . . . ." Issue No. 9 complains about a "'run-away' jury" and states: "The verdict of the jury as to

its entirety. Because the majority reaches Issue No. 9 and reverses on that basis, I respectfully dissent.

Through her appellee's brief, Davis urges that the County's wholesale failure to cite to the record waives any sufficiency challenge to damages. Davis notes that the only category of damages attacked by the County is future mental anguish damages. By its nature, evidence of future mental anguish is speculative. Therefore, we call upon the jury to evaluate non-speculative evidence and draw reasonable inferences about the future. Here, the County does not challenge the sufficiency of the evidence supporting past mental anguish damages. I believe the County, as appellant, has committed textbook briefing waiver by failing to cite to or otherwise analyze why the unchallenged evidence underpinning the past mental anguish element does not in any way support future mental anguish damages or does not support the amount awarded.

When an appellant's brief fails to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record," Tex. R. App. P. 38.1(i), then Rule 38.9 affords the appellate court two choices: (1) deem the appellant's issue waived; or (2) exercise discretion to allow amendment or rebriefing. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (noting the "settled rule that an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing"); *Rendleman v. Clarke*, 909 S.W.2d 56, 59 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd) (same). We construe briefs liberally, expect substantial compliance, and "may" require a brief to be amended, supplemented, or redrawn for formal defects, and we "may" require additional

---

damages is so outrageous that it indicates that they failed to give the Defendant a fair hearing of the evidence it presented."

briefing for substantive defects. Tex. R. App. 38.9. The rule does not afford an appellate court discretion to ignore or forgive briefing deficiencies and address the merits of an appellant's point of error that does not comply with this rule.

I do not endorse a cavalier application of briefing waiver. For example, an appellant's bare statement that there is "no evidence" does not waive a legal sufficiency point when the facts on appeal are undisputed and the gravamen of the sufficiency point is a question of law that the appellant has amply supported with citations to relevant authorities. *See City of Arlington v. State Farm Lloyds*, 145 S.W.3d 165, 167–68 (Tex. 2004). Similarly, an appellant does not waive the point when the appellant cites to all of the material facts in a statement of facts and merely fails to repeat the citations in its analysis. *See id.* at 167. I completely agree that the Supreme Court rejects bright-line briefing waiver under these circumstances. *See id.* at 167–68.

However, the Supreme Court also embraces briefing waiver where an appellant fails to cite to the record to support a no-evidence argument that the evidence is so weak as to do no more than create a mere surmise or suspicion— when there is no more than a mere scintilla of evidence. *See id.* at 167 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 363 (1960)). Thus, citation to the record is required "when the vital fact must be inferred from other relevant facts and circumstances which are proved." *See* Calvert, *supra*, at 363.

Here, the County suggests that Davis's evidence would not enable the jury to reach such an "outrageous award" of future mental anguish damages, which is "so excessive that the jury must have been dominated by passion or prejudice and could not have fairly weighed disputed evidence on the liability issue." But, the amount of a party's future mental anguish damages is one of those "vital facts" that

may be inferred from other circumstantial evidence. *See Saenz v. Fid. & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996) (direct evidence not always required). Texas law permits jurors to make a reasonable inference that a party will suffer future mental anguish damages. *Adams v. YMCA of San Antonio*, 265 S.W.3d 915, 918 (Tex. 2008); *see Wichita Cnty. v. Hart*, 892 S.W.2d 912, 927 (Tex. App.—Austin 1994) (jury could infer future mental anguish damages from past and present mental anguish when the terminated employee had not been reinstated; distinguishing case where the employee had been reinstated), *rev'd on other grounds*, 917 S.W.2d 779 (Tex. 1996).

The County necessarily contends that the jury could not make a reasonable inference from the unchallenged evidence of past mental anguish that Davis's past mental anguish would continue in the future. But, the County does no more to support that contention than mention the words "no evidence."

Therefore, I view the County's briefing of its ninth issue regarding future mental anguish damages as deficient to an extent that liberal construction cannot repair. Within its ninth issue, the County does not provide a single citation to any part of the 640-page transcript of trial testimony, which includes testimony from the plaintiff, the plaintiff's co-workers, and the plaintiff's damages expert who was also a close relative. The County does not provide a single citation to any one of the 200 pages of exhibits. And, the County does not refer to any of the record citations within the statement of facts, perhaps because all such citations pertain to the merits of liability. The County presents no analysis of how the evidence adduced in this five-day trial—including the unchallenged evidence of past mental anguish—when viewed under the appropriate standard of review,[2] amounts to

---

[2] The County does not provide the standard of review for legal or factually sufficiency. Nor does the county cite any cases addressing the sufficiency of the evidence for future mental anguish damages.

4

insufficient evidence or no evidence of future mental anguish damages.

Because Davis urged briefing waiver on this point, the County had ample opportunity to rebrief its ninth issue but did not. Because the County failed to rebrief, I would deem the County's ninth issue waived. *See Rendleman*, 909 S.W.2d at 59 (deeming the appellant's sufficiency issue waived because the appellant failed to cite to the record; declining to exercise discretion to allow rebriefing because the appellant failed to rebrief during the seven months since the appellee's brief had been filed).

Accordingly, I respectfully dissent.


/s/    Sharon McCally
Justice

Panel consists of Justices Christopher, Jamison, and McCally. (Christopher, J., Majority).

5