**Affirmed and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00779-CV

### DIERDRE VIA, Appellant

### V.

### LARRY WOODROW AND WARREN TREPTOW, Appellees

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 16-CV-1385**

## M E M O R A N D U M   O P I N I O N

The trial court dismissed Dierdre Via's suit against Larry Woodrow and Warren Treptow for want of prosecution. In a single issue on appeal, Via asks, "Did the trial court err as a matter of law by refusing to rule on Plaintiff's Motion to Reinstate?" Via prays for this court to "REVERSE this matter to the Trial Court for hearing and a ruling on Plaintiff's Motion to Reinstate."

Via's brief does not contain any citations to the record, let alone a citation to support her contention that the trial court refused to rule on the motion. Contrary to Via's assertion, the record contains an order denying Via's motion to reinstate. The order is signed by the trial court and dated October 2, 2017.

Both appellees dispute Via's contention that the trial court failed to rule on the motion, and Treptow notes in his brief that Via failed to cite to the record, which "constitutes waiver on appeal." Via filed a "response" to Woodrow's brief and again failed to cite to the record. Via has not responded to Treptow's argument that Via waived error.

An appellant has the burden to show error. *Budd v. Gay*, 846 S.W.2d 521, 524 (Tex. App.—Houston [14th Dist.] 1993, no writ) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)); *see also Garcia v. Sasson*, 516 S.W.3d 585, 590 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (noting that an appellant has "the ultimate burden to bring forth a record showing reversible error"). The burden is on an appellant to demonstrate that the record supports the appellant's contentions and to make accurate references to the record to support complaints on appeal. *Russell v. City of Bryan*, 919 S.W.2d 698, 706 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *see also* Tex. R. App. 38.1(g), (i) (statement of facts and argument must be supported with references and citations to the record). "The failure to cite to relevant portions of the trial record waives appellate review." *Rendleman v. Clarke*, 909 S.W.2d 56, 59 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd).

When an appellant's brief is deficient, it is a "settled rule that an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing." *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). An appellate court may find waiver if the appellant has had notice of briefing defects and an opportunity to rebrief, yet the appellant

fails to rebrief. *See Rendleman*, 909 S.W.2d at 59 (holding that the appellant had notice of defect and an opportunity to rebrief when the appellee pointed out the defect and the appellant subsequently failed to rebrief); *see also Stevens v. Stevens*, 809 S.W.2d 512, 513–14 (Tex. App.—Houston [14th Dist.] 1991, no writ) (same).

As noted above, the record before this court appears to contradict Via's allegation on appeal that the trial court refused to rule on her motion to reinstate. Via does not direct this court to any part of the record to support the alleged error. Via has had ample notice of the briefing defect and the opportunity to rebrief, yet she has failed to do so. Accordingly, we exercise our discretion to deem Via's issue waived. *See Rendleman*, 909 S.W.2d at 59.

Via's issue is overruled. The trial court's judgment is affirmed.


/s/    Ken Wise
         Justice


Panel consists of Justices Boyce, Donovan, and Wise.