**Dismissed and Memorandum Majority and Dissenting Opinions filed August 30, 2019**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00270-CV

---

**DON WADE, Appellant**

**V.**

**HOUSEHOLD FINANCE CORPORATION III, Appellee**

---

**On Appeal from the County Court at Law
Caldwell County, Texas
Trial Court Cause No. 6311**

---

### MEMORANDUM MAJORITY OPINION

Appellee Household Finance Corporation III (HFC) brought this forcible detainer action against appellant Don Wade and others after HFC purchased the property through a non-judicial foreclosure. The trial court awarded a final summary judgment of possession to HFC.

This court struck Wade's initial brief, informing him that the brief failed to comply with multiple provisions of Rule 38.1 of the Texas Rules of Appellate

Procedure. *See* Tex. R. App. P. 38.1. This court ordered Wade to file a brief complying with Rule 38.1.

This court informed Wade that if he filed another noncompliant brief, the appeal could be dismissed for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1); Tex. R. App. P. 38.9(a); *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 572–73 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (reasoning that the court could dismiss the appeal or affirm the trial court's judgment without examining the record pursuant to Rule 38.8 since the appellant's amended brief did not contain citation to the record; choosing to affirm without examining the record); *see also, e.g.*, *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (reaffirming that "error may be waived by inadequate briefing"); *Rendleman v. Clarke*, 909 S.W.2d 56, 59 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd) (error waived when appellant had ample notice of briefing defects and opportunity to rebrief).

Wade filed another brief that does not comply with Rule 38.1 because it does not contain a statement of facts or a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. Appellant does not challenge the trial court's granting of a summary judgment of possession, but appellant asserts the following issues:

> Did a County Court have subject matter jurisdiction to foreclose on 90 acres of land when the underlying contract is for 34.6 acres?
>
> Is it real estate fraud when HFC contracted for 34.6 acres and falsified the public record by filing a description of 90 acres?
>
> Does the theory of unjust enrichment apply when a party sues for recovery of more property than it was [sic] enumerated in the contract between the parties?
>
> Did the judge have authority or jurisdiction to issue an order when he had not filed the requisite documents to assume the duties of the

2

office?

Does laches apply if an entity sat on its legal rights for 5 years?

Without a statement of facts supported by record references or a clear and concise argument with appropriate citations to authorities and the record, we are unable to determine the merits of appellant's issues. Appellant has not shown that the trial court lacked jurisdiction either because of any error in granting the summary judgment or because the trial judge did not file proper documents to assume the duties of the office.

Pro se litigants like Wade are held to the same standards as licensed attorneys, and they must comply with all applicable rules of procedure. *See, e.g., Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Reule v. M & T Mortg.*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Although we liberally construe briefs, Wade has not substantially complied with the briefing rules. *See Harkins*, 999 S.W.2d at 572–73.

Accordingly, the appeal is dismissed for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1); Tex. R. App. P. 38.9(a); *Harkins*, 999 S.W.2d at 572–73.

/s/ Ken Wise
  Justice

Panel consists of Justices Wise, Zimmerer, and Spain. (Spain, J., dissenting).