

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00254-CV

Margaret **GUIDRY**,
Appellant

v.

David **EVANS**, Jr.,
Appellee

From the County Court, Menard County, Texas
Trial Court No. 2021-00068
Honorable Brandon Corbin, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: July 5, 2023

AFFIRMED

In the underlying lawsuit, appellee, David Evans, Jr., sued appellant, Margaret Guidry, for breach of contract, theft, conversion, and misappropriation of his livestock. Evans contended Guidry removed his livestock from leased property, sold his livestock at an auction falsely claiming the cattle belonged to her, and kept the proceeds of the sale. Evans sought recovery of $10,000 in actual damages, plus costs, attorney's fees, and pre-judgment and post-judgment

interest. Following a bench trial, the court awarded Evans \$13,866.20. Guidry now appeals that judgment.[1] We affirm.

## DISCUSSION

The Texas Rules of Appellate Procedure require that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). A failure to provide citations or argument and analysis for the contentions can result in waiver. *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018). Guidry's pro se brief consists of several grievances; therefore, it has been challenging to discern her legal issues on appeal. In her brief, Guidry complains the trial court rendered a judgment based on a false claim and despite the burden of proof not being met. With the exception of a citation to Texas Rules of Civil Procedure 18b[2] and 728,[3] Guidry does not cite to any authority, does not state a standard of review, and does not provide citations to the record.

However, in the interest of justice, we will liberally construe her brief and attempt to address her appellate complaints, which, from what we can determine, amount to a challenge to the sufficiency of the evidence. To the extent Guidry has attempted to raise issues in her brief other than those addressed in this opinion, we hold those issues have been waived as inadequately briefed, and we overrule them. *See 2008 Lexus GX470 v. State*, 660 S.W.3d 541, 543 (Tex. App.—San Antonio 2022, no pet.) (holding same).

---

[1] Evans declined to file an appellee's brief.

[2] Rule 18b governs "Grounds for Recusal and Disqualification of Judges." Guidry makes no argument under this rule. *See* TEX. R. CIV. P. 18b.

[3] "If the property was taken from the possession of the claimant pursuant to the original writ, the burden of proof shall be on the plaintiff in the writ. If it was taken from the possession of the defendant in such writ, or any other person than the claimant, the burden of proof shall be on the claimant." TEX. R. CIV. P. 728.

Guidry contends Evans "did NOT present any evidence" he owned any cattle, had a lease with Guidry, that Guidry stole cattle from him, or that she did not have full ownership of the cattle she sold and/or the right to sell the cattle. We construe this as a challenge to the legal sufficiency of the evidence. Although Guidry fails to cite to the appropriate standard of review, in the interest of justice, we will address this challenge below.

Guidry also contends, without citation to the record, that she "DID submit evidence she owned" certain cattle. We construe this as a challenge to the factual sufficiency of the evidence. However, Guidry fails to direct us to any record evidence or provide any analysis explaining how the evidence presented to the trial court fails to meet the factual sufficiency standard of review. We therefore hold she has waived any challenge to the factual sufficiency of the evidence. *See* TEX. R. APP. P. 38.1(g),(i); *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 378 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding appellant waived challenge to sufficiency of evidence to support award of exemplary damages by briefing waiver); *Rendleman v. Clarke*, 909 S.W.2d 56, 58-59 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd as moot) (declining to reach merits of appellant's challenge to legal and factual sufficiency of evidence to support jury's finding of gross negligence when appellant failed to properly brief the issue).

## A. Legal Sufficiency Standard of Review

Where a party attacks the legal sufficiency of the evidence to support an adverse finding for which that party did not have the burden of proof, that party must show there is no evidence to support the adverse findings. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). We view the evidence in the light most favorable to the finding, disregarding all contrary evidence that a reasonable fact-finder could have disbelieved. *See AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008). If there is more than a scintilla of evidence to support a finding, it must be upheld. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). The trier of fact is the sole judge

of the credibility of the witnesses and the weight given their testimony. *Rego Co. v. Brannon*, 682 S.W.2d 677, 680 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

When, as here, no findings of fact or conclusions of law are requested or filed, we imply all findings that are necessary to support the trial court's judgment and supported by the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Because this appellate record includes the reporter's and clerk's records, the trial court's implied findings are not conclusive and may be challenged for legal sufficiency. *See BMC Software*, 83 S.W.3d at 795. We apply the same standards of review to the trial court's implied findings that we apply when reviewing the legal and factual sufficiency of evidence supporting a jury's verdict. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 663 n.3 (Tex. 2009).

## B.    The Evidence[4]

H.D. Brittain, a Special Ranger with the Texas & Southwestern Cattle Raisers Association, testified he was investigating a criminal charge against Guidry that involved the alleged theft of cattle.[5] Jeff Dutton testified he owned some of the cattle allegedly stolen by Guidry. He said he and Evans were partners in some livestock in 2019, he leased property from Guidry to pasture the cattle, he and Evans both had livestock there, and he eventually discovered some of his and Evans's livestock was missing from the pasture. One of the missing cattle was a bull Evans had leased from his father-in-law. Dutton was asked about a receipt showing the sale of cattle by Guidry at auction that was admitted into evidence:

---

[4] Guidry did not testify or call any witnesses.

[5] The indictment, admitted into evidence, read: ". . . MARGARET FAYE GUIDRY, hereafter styled the Defendant, heretofore on or about June 18, 2019, did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit: cattle, of the aggregate value of less than $100,000, stolen during a single transaction, from Jeff Dutton, the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of the property."

Q. And of those that are listed on there, are some of those your livestock and are some David Evans' livestock?
A. Yes, sir. There's two cows and one calf that are mine, and the bull is the father-in-law's, and the rest of them are his.
Q. All right. And so if we look at that, are these that are highlighted, which also includes–well, doesn't include the bull. These that are highlighted on here, are those the ones that are actually owned by David Evans?
A. Right.                                  . . .
Q. And Mr. Dutton on that – of that total of $5,506.79, how much money have you received for your cattle that were stolen?
A. Zero.
Q. All right. And, to your knowledge, how much has David Evans received for his cattle?
A. Zero. So when I approached the sale barn that day they said she'd already picked up the check, and when they tried to stop payment on the check from the auction she had already cashed the check.
                                  . . .

Q. Did you have cattle on this [Guidry's] property after this date of November 26, 2018, up until [the] time they were taken to auction and sold in June of 2019?
A. Yes, in that timeframe I did.
Q. All right. And part of those cattle are your cattle and part of those cattle belonged to David Evans?
A. Yes, sir.
                                  . . .
Q. All right. Any doubt in your mind that those livestock listed on Plaintiff's Exhibit No. 2, PX-2 [the sales receipt], are the livestock that you and David Evans owned that were on Margaret Guidry's property?
A. Nope, they were ours.

Dutton said Guidry gave no notice she was terminating the lease or that she "was going to load up and haul off that livestock that [he] and David Evans owned."

Evans testified he had livestock on Guidry's property, he and Dutton were partners in some livestock with each owning about half the number of cattle, and he identified the cattle listed on the sales receipt as his and the bull as belonging to his father-in-law. He admitted he did not have a lease with Guidry, and the lease was between Guidry and Dutton.

After considering the evidence under the appropriate standard of review, we conclude the evidence is legally sufficient to support the trial court's implied findings that Evans owned livestock wrongfully taken from him by Guidry.[6]

**CONCLUSION**

For the reasons stated above, we affirm the trial court's April 29, 2022 Judgment.

Lori I. Valenzuela, Justice

---

[6] On appeal, Guidry also asserts she "was denied the presumption of innocence, and the ability to have her complaints heard, investigated, or prosecuted." Because Guidry provides no clear and concise argument with citations to authorities or the record, this complaint is waived as inadequately briefed. *See RSL Funding*, 569 S.W.3d at 126.